**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALESYA M. PASCHAL,
              Appellant,

      v.

DEPARTMENT OF DEFENSE,
              Agency.

DOCKET NUMBER
AT-0752-16-0498-I-1

DATE: February 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stuart A. Miller, Esquire, Atlanta, Georgia, for the appellant.

Daniel Dougherty, Colorado Springs, Colorado, for the agency.

Kathryn R. Shelton, Esquire, Redstone Arsenal, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her 30-day suspension based on charges of discourtesy towards a supervisory official, lack of candor (inaccurate statements), and discourtesy towards a management official. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to find that the agency did not prove its third charge, and with regard to the analysis of the appellant's claim of retaliation for equal employment opportunity (EEO) activity, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed as a General Engineer. Initial Appeal File (IAF), Tab 12 at 227. The agency proposed to suspend her for 30 days on the basis of the following charges: (1) discourtesy towards a supervisory official; (2) lack of candor (inaccurate statements); and (3) discourtesy towards a management official. IAF, Tab 11 at 82-85. The appellant responded orally and in writing to the proposal. *Id.* at 9-10, 14-19. The agency sustained the charges and imposed the suspension. IAF, Tab 12 at 229-35. The appellant filed the instant Board appeal, requested a hearing, and asserted affirmative defenses of sex discrimination and retaliation for EEO activity. IAF, Tabs 1, 25. After holding the appellant's requested hearing, the administrative judge issued an initial decision that sustained the charges, found that the appellant failed to prove her affirmative defenses, and determined that a 30-day suspension was a

reasonable penalty for the sustained misconduct. Hearing Compact Disc (HCD); IAF, Tab 32, Initial Decision (ID) at 2-17.

The appellant has filed a petition for review, challenging, among other things, the administrative judge's credibility determinations and analysis of her affirmative defenses, and arguing that a 30-day suspension was not a reasonable penalty.[2] Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

### There is no basis to disturb the administrative judge's findings sustaining the agency's first charge.

In charge 1, discourtesy towards a supervisory official, the agency alleged that, during a meeting with her first- and second-line supervisors and other agency officials, the appellant, among other things, "repeated the same questions multiple times," "did not demonstrate any willingness to listen" to the second-line supervisor, "became visibly agitated," asked questions in a "sarcastic" and "condescending" manner, apologized in a "child-like, parroting tone," and became "more agitated, more rude, and condescending," at which time the second-level supervisor terminated the meeting. IAF, Tab 11 at 82-83. The

---

[2] The appellant argues, for the first time on review, that the agency did not conduct its investigation in conformance with its own procedures. She also argues that the statements used against her and relied upon by the administrative judge were not sworn statements. PFR File, Tab 1 at 20-21. To the extent that the appellant is raising a harmful error defense for the first time on review, we decline to consider it. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). To the extent that the appellant is arguing that the administrative judge should not have considered these unsworn statements in sustaining the charges, the Board has held that unsworn statements are admissible in Board proceedings. *See Scott v. Department of Justice*, 69 M.S.P.R. 211, 228 (1995) (holding that the fact that an appellant's statement is unsworn may detract from its probative value, but it should be considered admissible evidence), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table).

administrative judge credited the agency witnesses' account of this meeting over the appellant's. He made demeanor-based credibility determinations, noted that the agency witnesses' testimony was consistent with the written statement of the Deputy Director (who was present during the meeting), and found that the Deputy Director was unbiased because he was not in the appellant's supervisory chain and the appellant's actions had not been directed towards him. ID at 4-6; IAF, Tab 13 at 20-22; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (setting forth factors for an administrative judge to consider in assessing witness credibility and deciding which version of competing testimony to credit). The administrative judge therefore sustained the charge. ID at 4-6.

On petition for review, the appellant disputes the administrative judge's credibility determinations. PFR File, Tab 1 at 5. However, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We have considered the appellant's arguments, but we find that they do not provide an adequate basis to disturb the administrative judge's explicitly demeanor-based credibility determinations. The nature of the appellant's comments and questions and her refusal to engage in an appropriate discussion with the supervisory officials at the meeting constituted conduct that was rude and offensive, and therefore discourteous. *See Walker v. Department of the Army*, 102 M.S.P.R. 474, ¶¶ 4-7, 12-13 (2006) (finding that the agency proved the charge of repeated acts of discourtesy to a supervisor because the appellant was loud and rude during one telephone conversation and he was extremely discourteous, loud, and continuously interrupting during a second telephone conversation). For the reasons explained in the initial decision, we agree that the agency proved charge 1. ID at 3-6.

<u>There is no basis to disturb the administrative judge's findings sustaining the agency's second charge.</u>

In charge 2, lack of candor (inaccurate statements), the agency asserted that after the meeting described in charge 1, the appellant sent an email to another agency official in which she stated that her first-line supervisor filed a hostile workplace complaint against her, and she forwarded that email to another agency official, but the first-line supervisor had, in fact, not filed a hostile workplace complaint against her. IAF, Tab 11 at 83. To prove a lack of candor charge, the agency must prove that the employee gave incorrect or incomplete information and that she did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016).

The administrative judge considered the testimony of the first-line supervisor that he never filed a complaint of any kind against the appellant, and there was no documentary evidence that he filed such a complaint. ID at 7. The administrative judge found it more likely than not that the appellant knowingly included incorrect information in the email because, among other things, she had a deceptive state of mind following the meeting discussed in charge 1; he was not persuaded by the appellant's testimony that she meant something other than a formal complaint or that she was innocently mistaken. ID at 7-9. The administrative judge further found that the appellant submitted inaccurate information, which she knew was incorrect or did so with reckless disregard for the truth, and therefore, the agency proved the lack of candor charge. ID at 8-9.

On review, the appellant contends that the deciding official stated that she had not lacked candor, the Commanding General's advice to her regarding her communication skills was "not intended to be disciplinary," and there was a meeting in March 2008 that her first-line supervisor attended, in which the appellant's allegedly "belligerent" and "harassing" behavior was discussed. PFR File, Tab 1 at 7. We have considered the appellant's arguments, but we are not persuaded. For instance, the deciding official advised the appellant that, due to

her poor communication skills and imprecise language, an ordinary person would read her email to say that the first-line supervisor "had filed a hostile work environment" complaint against her, and he noted that a coworker, and not her first-line supervisor, drafted the memorandum that described the meeting about workplace violence. IAF, Tab 11 at 71. The deciding official acknowledged that the Commanding General did not accuse the appellant of misrepresenting facts, but rather, he "provided concrete examples of how [she] can improve communication." *Id.* Moreover, there is no evidence that the first-line supervisor, aside from being present during a March 2008 meeting in which concerns about a difficult work environment were expressed, made any complaint against the appellant for any reason. The initial decision reflects the administrative judge's conscientious consideration of the evidence, and contains appropriate inferences, and reasoned conclusions and credibility findings. We therefore discern no basis to disturb these findings. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997).

The third charge is not sustained.

In charge 3, discourtesy towards a management official, the agency asserted that during a meeting scheduled by the EEO Director to provide the appellant with correspondence related to her EEO complaint, the appellant made "unfounded accusations in a loud and in an agitated manner," and became "increasingly agitated" to the point where that the EEO Director had to conclude the meeting. IAF, Tab 11 at 84. During the hearing, the EEO Director testified consistent with the agency's charge, explaining that the appellant repeatedly accused her of doing nothing about her report that male employees brought nude photos into the office, used a loud tone of voice, and became more agitated as the meeting progressed. HCD (testimony of the EEO director). The administrative judge credited the testimony of the EEO Director, finding that she was "calm,

deliberate, straightforward, and sincere" in her testimony. ID at 10. Therefore, he sustained the agency's third charge.[3] ID at 11.

The Board has noted that "[d]isrespectful conduct as manifested by the use of abusive language is unacceptable and not conducive to a stable working atmosphere." *Wilson v. Department of Justice*, 68 M.S.P.R. 303, 310 (1995). However, the Board also considers the context in which the conduct occurred to determine whether such behavior constitutes misconduct, and to determine whether the penalty imposed is reasonable. *Daigle v. Department of Veterans Affairs*, 84 M.S.P.R. 625, ¶ 6 (1999); *see, e.g.*, *Larry v. Department of Justice*, 76 M.S.P.R. 348, 358 (1997) (addressing comments made during psychotherapy); *Armstrong v. U.S. Postal Service*, 28 M.S.P.R. 45, 47, 50 (1985) (addressing comments made during a sexual harassment training session in which the instructors encouraged comments and feedback); *Farris v. U.S. Postal Service*, 14 M.S.P.R. 568, 574 (1983) (explaining that employees generally may not be discharged for rude and impertinent conduct in the course of presenting grievances). For instance, in *Daigle*, 84 M.S.P.R. 625, ¶¶ 2, 6, the Board found that a disrespectful conduct charge could not be sustained because, among other things, the appellant's use of abusive language about a manager occurred during an EEO counseling session. The Board explained that, because EEO counseling sessions are a semi-confidential means through which employees complain about their working environment, and complainants are likely to be emotionally distraught when reporting perceived discrimination, it is reasonable to afford employees more leeway regarding their conduct in such a context than they might otherwise be afforded in other employment situations. *Id.*, ¶ 6.

---

[3] The appellant testified that she never made accusations towards the EEO Director, and that she remained calm and respectful throughout the meeting. HCD (testimony of the appellant). We defer to the administrative judge's demeanor-based credibility findings, and credit the version of events recounted by the EEO Director. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016).

While this meeting between the appellant and the EEO Director was not an EEO counseling session, it was also not a random encounter that occurred outside of the EEO process. It was a meeting that was initiated by the EEO Director, and pertained, at least tangentially, to the appellant's reports to the EEO office. IAF, Tab 11 at 84; HCD (testimony of the EEO Director). Therefore, we believe that the same leeway that the Board applied in *Daigle* should be applied here. Additionally, the agency did not charge the appellant with behavior that was particularly extraordinary or egregious. IAF, Tab 11 at 84. For instance, there is no allegation that the appellant threatened the EEO Director, or engaged in physically intimidating or abusive behavior. *Id.* Therefore, although we do not condone disrespectful or disruptive behavior, as the Board noted in *Daigle*, 84 M.S.P.R. 625, ¶ 6, it is reasonable to expect that complainants such as the appellant, who have alleged that they are the target of discrimination, harassment, or retaliation, may be more emotionally distraught in the EEO context than they would be in a different environment. Accordingly, given the circumstances, we do not find that conduct described in the third charge constitutes actionable misconduct.[4] *See Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 10 (2010) (explaining that an agency charge that does not set forth actionable conduct cannot be sustained).

The appellant did not prove her affirmative defenses of sex discrimination and retaliation for prior EEO activity.

In the initial decision, the administrative judge determined that the appellant did not prove her defenses of sex discrimination and retaliation for EEO activity. He found that the appellant's proffered comparators were not similarly situated to her and concluded that she failed to prove that sex or EEO activity was

---

[4] The agency's third charge also raises a question regarding whether the agency charged the appellant with misconduct for participating in the EEO process, which could violate the participation clause of Title VII. However, the appellant has not raised this issue as an affirmative defense. Therefore, because we do not sustain the third charge based on other grounds, we decline to address the possibility of a violation of Title VII's participation clause.

a substantial or motivating factor in her suspension.  ID at 14-17.  On review, the appellant challenges the administrative judge's evaluation of the alleged comparators related to her sex discrimination claim, and argues that her EEO activity is the "only" explanation for the four disciplinary actions taken against her and for her "crummy performance evaluations."  PFR File, Tab 1 at 18-22.

To prove an affirmative defense of sex discrimination or retaliation for Title VII EEO activity, an appellant must show that the prohibited consideration was at least a motivating factor in the action under appeal.  *Pridgen v. Office of Management and Budget*, 2022 MSPB, 31, ¶¶ 20-22.  Regarding the appellant's sex discrimination claim, for the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not prove that sex was a motivating factor in the agency's decision to suspend her.  ID at 13-15.  Among other things, the proffered comparators did not engage in misconduct similar to the appellant's.  *Id.*

Regarding the appellant's retaliation claim, the administrative judge appears to have applied a standard that was something of a hybrid between the framework for assessing claims of retaliation under Title VII, and the framework set forth in *Warren v. Department of the Army*, 804 F.2d 654, 658 (Fed. Cir. 1986), for assessing retaliation for non-whistleblower, non-EEO activity, protected under 5 U.S.C. § 2302(b)(9)(A)(ii).  ID at 15-16.  Nevertheless, applying the correct analytical framework as set forth in *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30, we agree with the administrative judge's ultimate conclusion that the appellant did not prove that her EEO activity was a motivating factor in her suspension.  ID at 16.  The appellant did not present sufficient evidence to raise an inference of retaliation.

A 30-day suspension is a reasonable penalty for the sustained misconduct.

We agree with the administrative judge that the agency established nexus. ID at 11.  Therefore, we consider the reasonableness of the agency's penalty in light of the partially sustained charges.

When, as here, the Board does not sustain all of the charges, it will carefully consider whether the sustained misconduct merits the penalty imposed by the agency. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 17 (2014). The Board may mitigate the penalty imposed by the agency to the maximum penalty that is reasonable in light of the sustained charges as long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed for fewer charges. *Id*. Because not all charges have been sustained, and because the deciding official did not express whether he would have imposed a lesser penalty without the third charge, the Board must apply the *Douglas* factors to determine the maximum reasonable penalty for the sustained charges of misconduct. *Id.*

Considering the two sustained charges of misconduct, a 30-day suspension is well within the bounds of reasonableness. It is well-established that the most important factor in assessing the reasonableness of a penalty is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Thomas v. Department of the Army*, 2022 MSPB 35, ¶ 20. Here, the appellant's conduct was intentional and serious, as she continuously disrupted a meeting with her first- and second-line supervisors, and then immediately after doing so, sent an email mischaracterizing her supervisor's actions. IAF, Tab 11 at 82-83. Furthermore, the appellant has a prior disciplinary record which establishes a history of behaving in a discourteous manner, including a 2-day suspension for disrespectful behavior towards a supervisor in 2010, a 5-day suspension for discourtesy towards a managerial official in 2011, and a 12-day suspension for discourtesy towards a supervisory official in 2012.[5] *Id*. at 84. The appellant's prior disciplinary action also serves

---

[5] The appellant asserts that the agency should not have considered a previous lack of candor (inaccurate statements) charge in another proposed suspension, because, among other things, the agency dismissed it. PFR File, Tab 1 at 4, 12-13. Although it is true that the agency did not sustain the prior lack of candor (inaccurate statements) charge, IAF, Tab 21 at 71, we find no error, because the deciding official only considered the previous lack of candor charge as evidence that the appellant was on notice that such

as evidence that she was on notice that this type of discourteous behavior constituted misconduct.[6] *See Thomas*, 2022 MSPB 35, ¶ 26 (finding that an appellant's prior discipline served as a general warning that his conduct was inappropriate and constituted misconduct). Additionally, as the deciding official testified, a 30-day suspension is consistent with the policy of progressive discipline. HCD (testimony of the deciding official).

Finally, we have considered the fact that the decision letter did not identify any mitigating factors, including that the appellant had received commendations and initiated collaboration, she was recommended for a Senior Service Fellowship, and she allegedly never had issues at work prior to reporting inappropriate nude photographs in the workplace and allegedly being harassed by her supervisor. IAF, Tab 12 at 232; PFR File, Tab 1 at 21. However, we find that these mitigating factors do not outweigh the seriousness of the appellant's misconduct and her previous disciplinary history.[7] Accordingly, we find that the 30-day suspension is a reasonable penalty for the sustained misconduct. *See, e.g.*, *Guzman-Muelling v. Social Security Administration*, 91 M.S.P.R. 601, ¶¶ 2, 16-17 (2002) (finding that a suspension of 30 days was within the parameters of reasonableness for discourteous and disruptive conduct, absence without leave for

behavior was unacceptable and could be subject to discipline. HCD (testimony of the deciding official).

[6] The appellant also asserts that agency policy only allows for the use of prior discipline that occurred within the previous 3 years. PFR File, Tab 1 at 11-15. The appellant does not identify on review any policy prohibiting the agency from considering prior suspensions that are more than 3 years old. Even if such a policy exists, we discern nothing improper about the deciding official considering prior discipline under the notice factor as discussed herein.

[7] On review, the appellant reasserts her argument that the agency treated her more harshly than three other individuals who had committed similar misconduct. PFR File, Tab 1 at 15-17. However, for the reasons explained in the initial decision, we agree with the administrative judge that the appellant's proffered comparators were not similarly situated to her for purposes of a consistency of the penalty analysis. ID at 13-14. *See Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13 (holding that the universe of potential comparators "should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant").

1 hour, and providing poor public service, especially considering that the appellant had been suspended previously for 3 days and 10 days, respectively, for some of the same misconduct); *Ally v. Department of the Navy*, 58 M.S.P.R. 680, 682-83, 686-87 (1993) (upholding the appellant's removal for disrespectful conduct towards her supervisor for calling him an "ex-alcoholic" and "idiot" when she had a prior suspension for similar misconduct). We have considered the appellant's remaining arguments on review, but a different outcome is not warranted.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[8] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

    http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:      _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.